**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LASHANDA LOGAN,

                Plaintiff,

    v.                                    1:24-cv-00887 (AMN/PJE)

ALBANY CITY SCHOOL DISTRICT,

                Defendant.

**APPEARANCES:**                           **OF COUNSEL:**

**BERLINGIERI LAW PLLC**           **CHRISTOPHER BERLINGIERI, ESQ.**
244 Fifth Avenue – Suite F276
New York, New York 10001
*Attorneys for Plaintiff*

**JOHNSON & LAWS, LLC**             **GREGG TYLER JOHNSON, ESQ.**
646 Plank Road – Suit 205
Clifton Park, New York 12065
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On July 17, 2024, Plaintiff Lashanda Logan ("Plaintiff") commenced this action pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), asserting claims arising out of her employment with the Albany City School District ("Defendant").  Dkt. No. 1 ("Complaint").

Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12").  Dkt. No. 8 ("Motion").  Plaintiff partially

opposes the Motion, Dkt. No. 10, and Defendant filed reply papers in further support, Dkt. No. 11.

For the reasons set forth below, the Motion is granted and the Complaint is dismissed.

## II.   BACKGROUND

Unless otherwise noted, the following facts are drawn from the Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *see Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A.   The Parties

Plaintiff alleges that she has an unspecified learning disability.  Dkt. No. 1 at ¶¶ 14-15. Defendant is a school district in Albany, where Plaintiff resides.  *Id.* at ¶¶ 10-11.

### B.   Plaintiff's Employment

In or around August 2019, Plaintiff began working as a temporary employee at Defendant. *Id.* at ¶ 13.  She worked as a clerk at Albany High School.  *Id.*  She alleges that, at the time of her hire, she was exempt from a Civil Service examination requirement for her position because of her learning disability.  *Id.* at ¶ 17.

"In or around 2021, Defendants [sic] hired Plaintiff full time."  *Id.* at ¶ 18.

In or around September 2022, Plaintiff "learned that [her] learning disability was being discussed by coworkers as a joke."  *Id.* at ¶ 19.  Plaintiff alleges that one coworker also made derogatory remarks directly to her regarding her learning disability.  *Id.* at ¶¶ 20-22.

On September 21, 2022, Plaintiff reported that coworker's alleged remarks to several administrators at Defendant as well as a union president.  *Id.* at ¶¶ 23-25.  Plaintiff "requested a transfer to another workplace location as a reasonable accommodation."  *Id.* at ¶ 26.  Plaintiff

alleges that she faced workplace harassment "[l]eading up to her transfer request." *Id.* at ¶ 27.

In or around October 2022, Plaintiff suffered a stroke. *Id.* at ¶ 28. Plaintiff "went on FMLA leave from October 2022" as a result. *Id.* at ¶ 29.

In November 2022, Plaintiff alleges that Defendant filed false disciplinary charges against her and issued a written warning. *Id.* at ¶¶ 30-32. Plaintiff alleges that Defendant's representatives wanted to meet with her and the union regarding the discipline on November 15, 2022, but that they notified her only five days before the scheduled meeting and did not reschedule the meeting as she requested. *Id.* at ¶ 33.

In April 2023, Defendant granted Plaintiff "intermittent FMLA leave," which Plaintiff took "when needed." *Id.* at ¶¶ 34-35.

On August 9, 2023, Defendant sent Plaintiff a letter stating in part that:

> [Y]ou have refused to take the examination for the title in which you were appointed on a provisional basis. In late April 2023, the City School District of Albany Human Resources Division and the City of Albany Office of Human Resources repeatedly advised you to register for the required examination, which is given on a continuous basis. According to Civil Service Law Section 65 and Local Civil Service Rule XVII which govern provisional appointments in the competitive class, you must be removed from the Clerk Typist title immediately as there is an active eligible list. We will take action at the August 24, 2023 Board meeting to terminate your employment, effective immediately. If you wish to resign instead, please do so in writing by August 18, 2023.

*Id.* at ¶ 40; *see also* Dkt. No. 8-4.

Plaintiff alleges that she "never refused to take the Civil Service exam." Dkt. No. 1 at ¶¶ 51, 54. Plaintiff further alleges that she "would be willing to take the exam with reasonable accommodations," but that "Defendant failed to accommodate Plaintiff so that she could take the exam." *Id.* at ¶¶ 52, 55.

On August 13, 2023, Plaintiff filed a charge of discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶¶ 5, 36; *see also* Dkt. No.

8-2.  The Charge contained the following particulars:

> I am a qualified individual with a disability, and I was hired by the Respondent, Albany City School District, in approximately August 2019.  My current position with the Respondent is Clerk.  I believe I have been treated adversely by the Respondent because of my disability.  I asked for a reasonable accommodation in approximately September 2022 to be moved to a different building because my disability was being discussed as a joke amongst coworkers.  Before, and leading up to my request, I faced difficulties in successfully performing my job duties such as being locked out of the computer systems, payroll issues, and was later faced with disciplinary measures in approximately November 2022.  I believe I have faced harassment and have been treated unfavorably because of my disability and for requesting a reasonable accommodation, in willful violation of Title I of the Americans with Disabilities Act of 1990, as amended.

Dkt. No. 8-2 at 2.[1]  Plaintiff's signature on the Charge includes "Esq."  *Id.*

On August 23, 2023, Defendant terminated Plaintiff's employment.  Dkt. No. 1 at ¶ 41.

Plaintiff alleges that she "was still on FMLA" sometime "[i]n August 2023."  *Id.* at ¶¶ 37, 41.

On April 18, 2024, the EEOC issued Plaintiff a notice of right to sue.  *Id.* at ¶ 6; *see also*

Dkt. No. 1-1.

### C.  Plaintiff's Legal Claims

Based on Plaintiff's factual allegations, she asserts six claims in the Complaint: (i) discrimination and retaliation under the ADA, Dkt. No. 1 at ¶¶ 58-65; (ii) interference and retaliation under the FMLA, *id.* at ¶¶ 66-74; and (iii) discrimination and retaliation under the NYSHRL, *id.* at ¶¶ 75-81.

## III.    STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y.

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)).  To resolve such a motion, the court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff."  *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief.  *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).  In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  This presumption, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted).  Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,"

*Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

## IV.    DISCUSSION

### A.  ADA Claims

As detailed above, Plaintiff alleges that she was discriminated against prior to and during September 2022 in connection with her learning disability; received purportedly false discipline in November 2022; and was terminated in August 2023.  *See supra* Section II.B.  Plaintiff alleges that Defendant denied her two reasonable accommodations: (i) a transfer to another workplace location in September 2022, and (ii) an accommodation relating to the Civil Service examination requirement for her position.  *Id.*

#### i.  Timeliness

The parties agree that Plaintiff's ADA claims (i) relating to her November 2022 discipline, and (ii) August 2023 termination are not time-barred.  Dkt. No. 8-5 at 10; Dkt. No. 10 at 8; Dkt. No. 11 at 7.  Defendant argues that the balance of Plaintiff's ADA claims are time-barred because the conduct Plaintiff reported to the EEOC occurred outside of the applicable filing period.  Dkt. No. 8-5 at 8-10.

"In New York, a plaintiff alleging an ADA violation has 300 days from the date of the allegedly discriminatory act to file a charge with the Equal Employment Opportunity Commission[.]"  *Hall v. Reliant Realty Servs.*, No. 24-710-cv, 2025 WL 799268, at *1 (2d Cir. Mar. 13, 2025) (summary order) (citing, *inter alia*, *Harris v. City of New York*, 186 F.3d 243, 247 & n.2 (2d Cir. 1999)).  "This filing period operates as a statute of limitations, so the failure to file a timely administrative complaint will bar a plaintiff's claims."  *Stevens v. City of Oneonta*, No. 21-cv-1258, 2022 WL 16635301, at *4 (N.D.N.Y. Nov. 1, 2022) (citing *Nat'l R.R. Passenger*

*Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

Plaintiff concedes that her ADA claims prior to October 17, 2022 are time-barred. Dkt. No. 10 at 8. Plaintiff goes on to argue that she nonetheless has "allege[d] several adverse discriminatory/retaliatory events" after that date. *Id.* at 8-9. But she identifies no such events beyond the November 2022 discipline and August 2023 termination that the parties already agree are timely. Moreover, the Complaint is clear that the discrimination and harassment Plaintiff allegedly experienced in connection with her coworkers only occurred "[l]eading up to her transfer request" on September 21, 2022. Dkt. No. 1 at ¶¶ 23, 27.

The Court thus grants the Motion as to these time-barred ADA claims, which are dismissed.

### ii. Administrative Exhaustion

Defendant next argues that Plaintiff failed to administratively exhaust her termination-related ADA claims because her Charge did not raise Defendant's decision "to terminate Plaintiff's employment based upon her failure to take or pass the Civil Service test." Dkt. No. 8-5 at 11.

"[T]he ADA's administrative exhaustion requirement mandates that district courts have 'jurisdiction to hear [discrimination] claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge.'" *Stevens*, 2022 WL 16635301, at *4 (alterations in original) (quoting *Cable v. N.Y. State Thruway Auth.*, 4 F. Supp. 2d 120, 126 (N.D.N.Y. 1998)).

Plaintiff concedes that she did not "explicitly" raise her termination by Defendant in the Charge. Dkt. No. 10 at 8. Plaintiff argues that the Charge included other discriminatory conduct. *Id.* As detailed earlier, the Charge addressed alleged conduct by Plaintiff's coworkers in and before September 2022; Plaintiff's requested accommodation to transfer workplace locations that same month; and Plaintiff's discipline in November 2022. Dkt. No. 1 at ¶¶ 5, 36; *see also* Dkt.

No. 8-2.  Such alleged conduct is distinct from Plaintiff's termination in August 2023, purportedly because Defendant failed to provide Plaintiff with a reasonable accommodation relating to the Civil Service examination requirement for her position.[2]  Dkt. No. 1 at ¶¶ 50, 55.  Plaintiff appears to recognize this reality as well, given that she does not argue that the conduct raised in the Charge was "reasonably related" to her termination or Defendant's alleged failure to provide her with a reasonable accommodation relating to the Civil Service examination requirement for her position. *Stevens*, 2022 WL 16635301, at *4.

Plaintiff's alternative argument that the Charge referenced discrimination more generally is unpersuasive.  Dkt. No. 10 at 8; *see, e.g., Herrera v. Syracuse Univ.*, No. 24-cv-245, 2025 WL 874734, at *6 (N.D.N.Y. Mar. 20, 2025) ("[The] EEOC cannot be expected to investigate mere generalizations of misconduct, nor can defendants adequately respond to them.") (quoting *Choi v. Chem. Bank*, 939 F. Supp. 304, 313 (S.D.N.Y. 1996)).

Accordingly, the Court grants this portion of the Motion and dismisses Plaintiff's ADA claims related to her termination and Civil Service test accommodation for failure to exhaust.

### iii.  Failure to State a Claim

Defendant further argues that Plaintiff has failed to state an ADA claim.  Dkt. No. 8-5 at 16-18.  The parties agree, Dkt. No. 8-5 at 16-17; Dkt. No. 10 at 15, that in order to plead a viable ADA claim, Plaintiff must allege that "(1) h[er] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of h[er] job, with or without reasonable accommodation; and (4) [s]he suffered adverse

---

[2] Plaintiff's allegation that Defendant terminated her in retaliation for filing the Charge, *see, e.g.,* Dkt. No. 1 at ¶¶ 38-39, is not well-pled, given that Plaintiff was informed of her termination on August 9, 2023, *id.* at ¶ 40, but did not file the Charge until August 13, 2023, *id.* at ¶ 5; *see also* Dkt. No. 8-2.

8

employment action because of h[er] disability." *Brown v. N.Y.C. Dep't of Educ.*, 806 F. App'x 45, 49 (2d Cir. 2020) (alterations in original) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)).

Defendant contends, *inter alia*, that Plaintiff has failed to sufficiently allege that that her unspecified learning disability renders her disabled under the ADA.  Dkt. No. 8-5 at 17-18.  In response, Plaintiff fails to identify any non-conclusory allegations that she is disabled.  Dkt. No. 10 at 16.  The Court thus agrees with Defendant that that Plaintiff's threadbare pleading fails to sufficiently allege that she is disabled for purposes of the ADA.  *See, e.g., Rogers v. Niagara Cnty., N.Y.*, No. 22-cv-00792, 2023 WL 10949028, at *5 (W.D.N.Y. Sept. 13, 2023) ("Courts in this Circuit have held that vague and conclusory allegations of a disability, similar to those asserted by [plaintiff] here, are insufficient to plead a claim under the ADA.") (collecting cases).

Accordingly, the Court grants this portion of the Motion and dismisses Plaintiff's ADA claims on this basis as well.

**B.  FMLA Claims**

"The FMLA 'gives *eligible* employees an entitlement to twelve workweeks per year of unpaid leave because of a serious health condition that makes the employee unable to perform the functions of the position of such employee' and generally permits the employee to 'return to the position [s]he held before the leave or its equivalent." *Arroyo-Horne v. City of New York*, 831 F. App'x 536, 538-39 (2d Cir. 2020) (alterations in original) (quoting *Sista*, 445 F.3d at 174).

Plaintiff alleges that Defendant granted her FMLA leave in October 2022 and April 2023; that she "was still on FMLA" sometime "[i]n August 2023;" and that she was terminated on August 23, 2023.  Dkt. No. 1 at ¶¶ 29, 34-35, 37, 41.  Defendant argues that "Plaintiff's FMLA [c]laims [m]ust be [d]ismissed" because, *inter alia*, Plaintiff has not alleged "that she was eligible for leave

under the FMLA at a point in time when the district denied her FMLA benefits[.]"  Dkt. No. 8-5 at 15.  The Court agrees.

As the authority which Plaintiff cites, Dkt. No. 10 at 12, makes clear, "[a] threshold issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections," *Arroyo-Horne*, 831 F. App'x at 539 (collecting cases).  "To be eligible for FMLA leave, an employee must have been employed for at least twelve months by the employer from whom she is requesting leave, and she must have worked at least 1,250 hours with that employer in the twelve months prior to the beginning of her medical leave." *Id.* (first citing 29 U.S.C. § 2611(2)(A); and then citing *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 715 (2d Cir. 2001)).

Plaintiff argues in her brief that she was eligible for FMLA leave at a time when Defendant allegedly interfered with or retaliated against her in connection with that leave.  *See, e.g.,* Dkt. No. 10 at 12-13.  But she again identifies no well-pled allegations to support her position.  The Second Circuit's analysis in *Arroyo-Horne*, which affirmed a district court's dismissal of FMLA interference and retaliation claims, is instructive.  The panel found that the *pro se* plaintiff had adequately alleged "that she had been employed for at least twelve months" but "did not allege, however, that she had worked 1,250 hours in the 12-month period prior[.]"  *Arroyo-Horne*, 831 F. App'x at 539.  Plaintiff, who is represented by counsel, has the same deficiency in her Complaint. *See generally* Dkt. No. 1.  Additionally, Plaintiff has not adequately alleged that she was ever denied FMLA leave.  *Id.* at ¶¶ 29, 34-35, 37, 41.

The Court thus agrees with Defendant that Plaintiff has failed to state an FMLA claim. Accordingly, the Court grants this portion of the Motion and dismisses Plaintiff's FMLA claims.

### C. NYSHRL Claims

According to the parties, New York law required Plaintiff to serve a notice of claim prior to bringing either of her NYSHRL claims against Defendant.  Dkt. No. 8-5 at 12; Dkt. No. 10 at 9-10; *see also* N.Y. Educ. Law § 3813(1) ("No action or special proceeding . . . shall be prosecuted or maintained against any school district . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim[.]").  Consistent with the parties' agreement that Plaintiff never filed such a notice of claim, Dkt. No. 8-5 at 12; Dkt. No. 10 at 9, Plaintiff has also not pled that she filed such a notice of claim, *see generally* Dkt. No. 1.  *See also Johnson v. Rockland Cnty. BOCES*, No. 21-cv-3375, 2022 WL 4538452, at *5 (S.D.N.Y. Sept. 28, 2022) ("Education Law § 3813(1) is a statutory condition precedent to a [plaintiff's] bringing of a proceeding against a school district or board of education, and a [plaintiff's] failure to comply is a fatal defect mandating dismissal of the action.") (alterations in original) (first quoting *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 366 (W.D.N.Y. 2010); and then citing *Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 311 (E.D.N.Y. 2014)).

The parties dispute whether Plaintiff's alternative allegations are, nonetheless, sufficient to satisfy the applicable notice of claim requirements.  As Plaintiff acknowledges, a "plaintiff must allege compliance with the notice-of-claim provision of the Education Law in the complaint."  Dkt. No. 10 at 10 (quoting *Everett v. N.Y.C. Dep't of Educ.*, No. 21-cv-7043, 2023 WL 5629295, at *10 (S.D.N.Y. Aug. 31, 2023)).  Plaintiff contends that her allegations relating to her "information and belief[ that] the EEOC sent Defendant an email with Plaintiff's EEOC charge in August 2023," Dkt. No. 1 at ¶ 38, sufficiently "mention[] her compliance with this requirement."  Dkt. No. 10 at

10 (quoting Dkt. No. 1 at ¶¶ 38-39).  The Court agrees with Defendant that such allegations are insufficient.  Dkt. No. 8-5 at 14-15.

First, the Charge here could not provide notice of any timely NYSHRL claim.  Plaintiff "concedes that any claim[s] not within the 90 days of the filing of the EEOC charge are time-barred for purposes of notice under § 3813(1)."  Dkt. No. 10 at 10.  But, as detailed earlier, the August 2023 Charge only contained allegations relating to time-barred conduct in and prior to November 2022.  *See supra* Section IV.A.ii.  Indeed, despite asserting that any claim for "harassment, discrimination after May 15, 2023" could be timely, Plaintiff identifies no such claim in her Complaint.  Dkt. No. 10 at 10-11.

Second, the Charge here could not provide notice of Plaintiff's precise claims with respect to her termination.  As detailed earlier, the facts detailed in the Charge are distinct from Plaintiff's Civil Service accommodation and subsequent termination.  *See supra* Section IV.A.ii.  The Charge also raised only an alleged "willful violation of Title I of the Americans with Disabilities Act of 1990" and said nothing about any NYSHRL claim.  Dkt. No. 8-2 at 2.  Even accepting Plaintiff's position that an EEOC charge can satisfy the notice of claim requirements, this particular Charge could not.  *See, e.g., Everett*, 2023 WL 5629295, at *10 ("An EEOC charge can suffice as a substitute for a notice of claim 'only under the rare and limited circumstance where the EEOC charge puts the school district on notice of the precise claims alleged, is served on the governing board of the district (and not a different arm of the district), and is served within the statutory time period.'") (quoting *Rettino v. N.Y.C. Dep't of Educ.*, No. 19-cv-5326, 2020 WL 4735299, at *5 (S.D.N.Y. Aug. 14, 2020)); *Johnson*, 2022 WL 4538452, at *6 ("While Plaintiff communicated with the correct body at one point and may have even communicated about the issue of racism generally, nowhere does he allege that he communicated the 'precise claims' now alleged in this

Action. . . . Accordingly, Plaintiff's [NYSHRL] claims against [the defendant] and its officers are dismissed for failure to file a notice of claim.") (citations omitted).

Third, Plaintiff has not adequately alleged that the Charge was properly served. Plaintiff alleges, upon information and belief, that the EEOC emailed the Charge to Defendant. Dkt. No. 1 at ¶ 38; Dkt. No. 10 at 10-11. But Plaintiff alleges neither that the EEOC's purported email constituted an acceptable method of service, nor that service was effectuated on the governing body of the Defendant. *See, e.g., Carter v. Syracuse City Sch. Dist.*, 850 F. App'x 22, 25 (2d Cir. 2021) (affirming dismissal of NYSHRL claim where the plaintiff argued "that she satisfied § 3813(1) by mailing a notice of claim to [the defendant's superintendent], who was, *ex officio*, the CEO of the Board of Education. . . . However, in actions against school districts, '[t]he statutory prerequisite' of presenting notice of claim on the governing body 'is not satisfied by presentment to *any other individual* or body'") (third alteration in original) (first citing N.Y. Educ. Law § 2566(1); and then quoting *Parochial Bus Sys., Inc. v. Bd. of Educ. of N.Y.C.*, 60 N.Y.2d 539, 548 (1983)); *Wang v. Bethlehem Cent. Sch. Dist.*, No. 21-cv-1023, 2022 WL 3154142, at *14 (N.D.N.Y. Aug. 8, 2022) (dismissing NYSHRL claims where Plaintiff had alleged that he "emailed to the District" a copy of his verified petition because, *inter alia*, "[t]here are no allegations from which it appears the petition was verified as required by Section[] 3813(1) . . . , that it was served specifically on the Board of Education as required by Section 3813(1),[] or that it was served in a form acceptable").

In sum, Plaintiff has failed to adequately allege that she complied with the notice of claim requirements that the parties agree govern her NYSHRL claims. *See, e.g., Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, No. 14-cv-9245, 2016 WL 6102369, at *3 (S.D.N.Y. Oct. 19, 2016) ("Here, the plaintiff alleges only the date that she filed the EEOC charge. She does not

allege that the EEOC charge provided the required notice.  She also does not allege that she served the notice on the governing arm of the district, much less that she did so within three months of the time that her claims accrued.  Accordingly, the plaintiff does not meet statutory notice of claim requirements, and all state law claims against the [defendant] are dismissed.").

Accordingly, the Court grants this portion of the Motion and dismisses Plaintiff's NYSHRL claims.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion dismiss, Dkt. No. 8, is **GRANTED**, as set forth in Section IV of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: August 27, 2025
      Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge